# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **INDIAN CREEK FABRICATORS, INC.** | : | Case No. 3:24-cv-00096 |
| 1350 Commerce Park Drive | | |
| Tipp City, Ohio 45371, | : | **Judge** |
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| vs. | : | |
| **MIDCENTRAL ENERGY PARTNERS LLC** | : | |
| c/o Tom R. Russell, Registered Agent | : | |
| 201 Robert S. Kerr Avenue | | |
| Suite 1600 | : | |
| Oklahoma City, OK 73102, | | |
| | : | |
| Defendant. | | |
| | : | |

## I. INTRODUCTION

1. This is a contract action brought by Plaintiff Indian Creek Fabricators, Inc. ("**Indian Creek**") to enforce the obligations of Defendant MidCentral Energy Partners LLC ("**MidCentral**" or "**Defendant**") under a contract calling for Indian Creek to provide MidCentral certain goods and services.

2. MidCentral requested a quotation from Indian Creek and then issued a purchase order to Indian Creek for Indian Creek to provide certain goods and services, including purchasing the materials for and machining of power frames (collectively, the "**Work**") to eventually be used in MidCentral's manufacturing of pump equipment.

3. MidCentral agreed to pay for the Work; however, MidCentral has failed and refused to move forward with and has stated it is cancelling the Work.

4. MidCentral has breached its contract with Indian Creek by failing and refusing to accept and pay for the Work it ordered and that Indian Creek has performed in whole or in part following MidCentral's instructions, designs, prints and engineering for delivery to MidCentral.

## II. PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Indian Creek is an Ohio corporation with its principal place of business at 1350 Commerce Park Drive, Tipp City, Ohio 45371.

6. Defendant MidCentral is a limited liability company organized under the laws of the state of Delaware and with its principal place of business in Oklahoma City, Oklahoma.

7. Upon information and belief, Indian Creek has no reason to believe that any of MidCentral's members are citizens of Ohio.

8. Subject matter jurisdiction is proper in this Court based upon 28 U.S.C. § 1332 because the parties are believed to be citizens of different states and the amount in controversy is in excess of $75,000.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Work performed and to be performed by Indian Creek under the relevant purchase order was in this District, and thus a substantial part of the events giving rise to this Complaint arose in this District.

10. Personal jurisdiction is proper over Defendant because it maintained a business relationship with Indian Creek in the state of Ohio and the events giving rise to this Complaint occurred within the state of Ohio.

## III. FACTUAL BACKGROUND

11. Indian Creek is a family-owned metal fabrication company located in Tipp City, Ohio that performs machining, welding, painting, and finishing work.

12. MidCentral is an energy services provider located in Oklahoma City, Oklahoma that provides goods and services, including, but not limited to, pressure pump manufacturing and maintenance.

13. Indian Creek has a long history as a supplier to MidCentral for pump power frames.

14. Over the years, when MidCentral sought to purchase goods and services products from Indian Creek, it would send Indian Creek drawings or "prints" to which the products were to conform. These prints were identified by revision numbers (*e.g.,* Rev 1, Rev 2, etc.).

15. Indian Creek would then respond with a quotation and MidCentral would accept the quotation by issuing a purchase order.

16. For example, MidCentral sent Indian Creek prints for a type of power frame known as "MCE 2500 Style S" (the "**Frames**") and requested Indian Creek provide it with a quotation.

17. On December 12, 2022, Indian Creek issued a Quotation No. 13072 to MidCentral for thirty-five Frames, at a price of $41,750 per unit (the "**Quotation**"). A copy of the Quotation is attached as **Exhibit A**.

18. Pursuant to the Quotation, Indian Creek offered to complete thirty-five Frames "to print."

19. The Quotation expressly states: "MidCentral is responsible and liable for all designs parts and engineering."

20. On December 16, 2022, MidCentral accepted Indian Creek's Quotation by issuing Purchase Order No. 42840 to Indian Creek for thirty-five Frames, "complete to print" "in Accordance with 1672-001 REV5" at a cost of $41,750 per Frame, thus forming an agreement (the "**Agreement**"). A copy of the Purchase Order is attached as **Exhibit B**.

21. Again, the Agreement reiterated and MidCentral expressly acknowledged: "MidCentral is responsible and liable for all designs, prints and engineering."

22. On or about February 1, 2023, Indian Creek received updated prints from MidCentral, for weldment—Rev 8 and for machining—Rev 9, setting out revised design parameters for the Frames under the Agreement.

23. The MidCentral Rev 8 weldment and Rev 9 machining prints specified **three-inch finish stock size pump bearing rings**, which were designed to use step keepers, a component that holds other pieces in place.

24. Shortly after receipt of these prints, Indian Creek began working on manufacturing the first two Frames under the Agreement.

25. On or about April 10, 2023, MidCentral sent to Indian Creek Rev 9 weldment and Rev 10 machining prints, which continued to specify the Frames have **three-inch finish stock size pump bearing rings** for use with step keepers.

26. On or about April 12, 2023, MidCentral notified Indian Creek via email that there would be no additional changes to the prints unless absolutely necessary.

27. After receipt of this notification, Indian Creek purchased the rest of the material it would need to fulfill the Agreement, including the material for the **three-inch finish stock size pump bearing rings**, and began working on the remaining thirty-three Frames.

28. On or about June 28, 2023, Indian Creek shipped the first two Frames under the Agreement, made to the MidCentral Rev 8 weldment and Rev 9 machining prints. Shortly thereafter, a minor error was detected in these two Frames due to a machine calibration issue, but this issue was quicky identified and corrected.

29. In early July of 2023, MidCentral asked Indian Creek to machine the side of the pump bearing rings on the Frames, and Indian Creek complied with this request.

30. On or about August 11, 2023, Indian Creek received an email from MidCentral containing MidCentral Rev 12 weldment and Rev 14 machining prints. These prints enlarged the specifications for the pump bearing rings on the Frames from **3-inches** to **between 3.25-inches to 3.5-inches**. Hence, the already purchased 3-inch materials were smaller than the new specifications.

31. Following receipt of this email, because all the materials for the thirty-five Frames under the Agreement were already ordered, machined, and welded, Indian Creek requested confirmation from MidCentral that it was not asking to implement these changes on current orders, including the Agreement.

32. MidCentral replied, "No sir we are not, just sharing in the event a future order is placed," confirming that the changes in the MidCentral Rev 12 weldment and Rev 14 machining prints would only apply to future orders, and would not apply to the Agreement. A copy of this email (highlighting added) is attached as **Exhibit C**.

33. In October of 2023, Indian Creek shipped three Frames identified as frames 5005, 5004, and 5002 to MidCentral.

34. On or about November 6, 2023, MidCentral emailed Indian Creek questioning whether the Frames were accurately built to specification.

35. After investigation, however, Indian Creek determined that these Frames were accurately built in accordance with the relevant prints: MidCentral's Rev 9 weldment and Rev 10 machining prints.

36. On or about November 7, 2023, MidCentral representative Andre Stewart, who had been Indian Creek's primary point of contact at MidCentral, indicated that he wanted to cut all ties with Indian Creek.

37. However, on or about November 13, 2023, MidCentral representative Matt Hughes, a superior to Stewart, informed Indian Creek that MidCentral was not interested in cutting ties and that Indian Creek was a valuable vendor to MidCentral.

38. On or about November 27, 2023, MidCentral shipped Frames 5005, 5004, and 5002 back to Indian Creek for further inspection and potential modification, if necessary.

39. On or about January 11, 2024, after review of its manufacturing processes, Indian Creek reported to MidCentral that, aside from the first two Frames shipped in June of 2023 that could be easily corrected, all other Frames had been accurately made in accordance with MidCentral's Rev 9 weldment and Rev 10 machining prints. A copy of this report is attached as **Exhibit D**.

40. In response, on or about January 24, 2024, MidCentral informed Indian Creek via email that it was cancelling the Agreement. MidCentral also recited its position and requested to begin discussions "around what MCE owes ICF at the current state of production." A copy of this email is attached as **Exhibit E**.

41. An issue raised by MidCentral was the **three-inch finish stock size pump bearing rings** that had been specified by MidCentral's prints at the time materials were ordered and machined and the use of step keepers, which was contemplated from the outset and were in fact used on prior power frames ordered by MidCentral from Indian Creek.

42. On or about January 29, 2024, in response, Indian Creek reminded MidCentral that it was substantially complete with the Work for the Agreement and informed MidCentral that it would put together a dollar amount owed under the Agreement for the Work completed to date.

43. On or about February 22, 2024, Indian Creek proposed that MidCentral proceed with the Agreement and accept and pay for all of the Frames, or in the alternative that MidCentral pay Indian Creek what it should have earned on the Frames plus its material and labor costs as of that date.

44. MidCentral rejected this offer and to date has not compensated Indian Creek for its Work on thirty-two out of thirty-five power frames performed under the Agreement.

## COUNT I
### Breach of Contract

45. Indian Creek incorporates the preceding Paragraphs 1-44 above by reference as if fully rewritten herein.

46. The Agreement is an enforceable contract between Indian Creek and MidCentral.

47. Indian Creek has substantially performed under the Agreement by completing nearly all of the Work required under the Agreement in accordance with the prints supplied by MidCentral.

48. MidCentral has repudiated the Agreement by its clear and unequivocal statement that it was cancelling the Agreement and breached the Agreement by its repudiation and by failing to pay amounts owed under the Agreement.

49. Indian Creek has been damaged in the amount of the costs in the material, labor and other expenses it has expended in performance of the Agreement and in the amount of the expected profit (including reasonable overhead) that Indian Creek would have made from full

performance of the Agreement by MidCentral, together with any incidental damages and due allowance for costs reasonably incurred and due credit for payments of proceeds of resale, if any.

50. Indian Creek is entitled to recover from MidCentral the above amounts, to be finally determined at trial, pursuant to the Agreement and as a matter of law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Indian Creek Fabricators, Inc. prays this Court enter judgment in its favor and against Defendant MidCentral Energy Partners, LLC and grant the following relief:

(a) Compensatory damages in an amount to be proven at trial in excess of $75,000;

(b) Pre-judgment and post-judgment interest; and

(c) Any further relief the Court deems just and proper.

Respectfully submitted,

*/s/ Christine M. Haaker*
Christine M. Haaker (0063225)
James L. Butler (0079488)
Justin T. Elkin (0103332)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342-4934
Telephone: 937.443.6822
Facsimile:  937.443.6635
Christine.Haaker@ThompsonHine.com
James.Butler@ThompsonHine.com
Justin.Elkin@ThompsonHine.com

*Attorneys for Plaintiff Indian Creek Fabricators, Inc.*