## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| INDIAN CREEK FABRICATORS, INC., | : | Case No. 3:24-cv-00096 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| MIDCENTRAL ENERGY PARTNERS, LLC, | : | |
| | : | |
| Defendant. | : | |

---

## DECISION & ORDER

---

This commercial breach of contract dispute led to seemingly overlapping lawsuits filed in federal courts in Ohio and Oklahoma. Two features distinguish it from the typical race to the courthouse, however. <u>First</u>, the competing lawsuits were not filed particularly close in time. Specifically, although Indian Creek Fabricators, Inc. ("Indian Creek") sued MidCentral Energy Partners, LLC ("MC Energy") in the above-captioned case (the "Ohio Action") on March 27, 2024, approximately eight months elapsed before MidCentral Equipment Services, LLC ("MC Equipment") sued Indian Creek in the United States District Court for the Western District of Oklahoma, Case No. 5:25-cv-109 (the "Oklahoma Action"). <u>Second</u>, the MidCentral parties in the two lawsuits appear to be related but separate entities. The latter fact has caused some unusual procedural sparring.

Currently pending before this Court is Indian Creek's Motion for Partial Judgment on the Pleadings, which seeks "partial judgment on the pleadings that [MC Energy] is the

1

real party in interest defendant to this case and the contract at issue." ("Motion for Partial Judgment," Doc. No. 27 at PageID 259.) Also pending are MC Energy's Motion to Strike the Motion for Partial Judgment ("Motion to Strike," Doc. No. 31) and Indian Creek's Motion to Alter the Scheduling Order to File Motion for Partial Judgment ("Motion to Alter Schedule," Doc. No. 33). For the reasons set forth below, the Court **GRANTS** the Motion to Alter Schedule (Doc. No. 33), **DENIES** the Motion to Strike (Doc. No. 31), and **DENIES** the Motion for Partial Judgment (Doc. No. 27).

## I.  INDIAN CREEK'S MOTION TO ALTER THE SCHEDULING ORDER AND MC ENERGY'S MOTION TO STRIKE INDIAN CREEK'S MOTION FOR PARTIAL JUDGMENT

Before addressing the merits of the Motion for Partial Judgment, the Court will address its timeliness. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings in this case were closed on April 18, 2024, when MC Energy filed its Answer. Two months later, the Court issued a scheduling order that set a deadline of August 24, 2024, for filing motions for judgment on the pleadings. (Doc. No. 15). Although the Court subsequently amended the scheduling order (see Doc. Nos. 23 & 30), it did not extend this deadline.

On March 31, 2025—more than seven months after the deadline for doing so had expired—Indian Creek filed a Motion for Partial Judgment (Doc. No. 27). On April 25, 2025, MC Energy filed a Motion to Strike the Motion for Partial Judgment on the grounds that it was untimely. (Doc. No. 31) Then, on May 16, 2025, Indian Creek filed a

Motion to Alter Schedule (Doc. No. 33) to allow it to file (retroactively) the Motion for Partial Judgment after the Court's deadline.

In its Motion to Alter Schedule, Indian Creek states that when it filed this lawsuit in March 2024, it did not name MC Equipment as a defendant because it "was not an active entity in the state of its principal place of business, Oklahoma," and "at all relevant times, Indian Creek interacted only with MC Energy employees." (Doc. No. 33 at PageID 588.) But on January 23, 2025, MC Equipment (not MC Energy) sued Indian Creek in the Oklahoma Action "for breach of contract for a different set of power frames." (*Id.* at PageID 588-89.) Indian Creek then reviewed public filings that "revealed a multitude of inactive, reactivated, and several brand new entities using the 'MidCentral' name." (*Id.* at PageID 589.) Thereafter, Indian Creek filed its Motion for Partial Judgment "to eliminate any confusion on the real party in interest" and to obtain a judgment "that MC Energy issued the applicable purchase order and is the real party in interest to this action." (*Id.*)

Good cause is required to modify a case schedule. Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce Benefits Grp. Inc. v. McKesson Corp.*, 326 F. App'x 369, 377 (6th Cir. 2009) (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16). The Court must also consider "potential prejudice to the nonmovant ...." *Leary*, 349 F.3d at 909. Even if no

prejudice would result, the moving party must still establish good cause for failing to move to amend by the Court's deadline. *See Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan.14, 2011) (Kemp, D.J.) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

The Court finds that Indian Creek has demonstrated that despite acting diligently, it did not know until January 2025 that MC Equipment would claim to be an active entity and a party with which it had once contracted. Therefore, Indian Creek has demonstrated good cause to modify the scheduling order pursuant to Rule 16(b)(4). Further, in its Memorandum in Opposition to Indian Creek's Motion to Alter the Scheduling Order (Doc. No. 34), MC Energy did not identify any prejudice that it would suffer if Indian Creek were permitted to file its Motion after the deadline. The Court therefore concludes that allowing the filing will not prejudice the non-moving parties or the Court.

Accordingly, Indian Creek's Motion to Alter Schedule (Doc. No. 33) is **GRANTED** and MC Energy's Motion to Strike (Doc. No. 31) is **DENIED**.

## III.    INDIAN CREEK'S MOTION FOR JUDGMENT ON THE PLEADINGS

### A.    Statement of Facts

This statement summarizes the facts relevant to the Court's consideration of Indian Creek's Motion for Partial Judgment. As required by Rule 12(c) of the Federal Rules of Civil Procedure, the Court construes the facts set forth below in the manner most favorable to MC Energy and draws all reasonable inferences in its favor.

The following facts are taken solely from Indian Creek's Complaint (Doc. No. 1), four of the Exhibits attached to the Complaint (Doc. Nos. 1-1, 1-2, 1-3 & 1-5), and MC

4

Energy's Answer (Doc. No. 8). Although Indian Creek attached several additional documents to its Motion for Partial Judgment, the Court will exercise its discretion to exclude and not consider those documents when ruling on the Motion.[1]

### 1. *Indian Creek's Complaint*

Indian Creek explains that "[t]his is a contract action . . . to enforce the obligations of Defendant MidCentral [i.e., MC Energy] under a contract calling for Indian Creek to provide MidCentral certain goods and services." (Doc. No. 1 at PageID 1, ¶ 1.) Indian Creek avers that over a period of years, it manufactured and supplied pump power frames to MidCentral [i.e., MC Energy]. (Doc. No. 1 at PageID 3, ¶¶ 13-14.) Indian Creek explains that the parties negotiated a contract for each transaction. Specifically, "when MidCentral sought to purchase goods and services products from Indian Creek, it would send Indian Creek drawings or 'prints' to which the products were to conform.... Indian Creek would then respond with a quotation and MidCentral would accept the quotation by issuing a purchase order." (*Id*. at PageID 3, ¶¶ 14-15.) The Agreement at issue here conformed with this procedure and is described by Indian Creek as follows:

> 16. . . . MidCentral sent Indian Creek prints for a type of power frame known as "MCE 2500 Style S" (the "**Frames**") and requested Indian Creek provide it with a quotation.

---

[1] *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to ***and not excluded by*** the court, the motion must be treated as one for summary judgment under Rule 56.") (emphasis added); 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1366 (3d ed.) ("As the language of the rule suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered … and rely on it, thereby converting the motion, or to reject it or simply not consider it.").

17. On December 12, 2022, Indian Creek issued a Quotation No. 13072 to MidCentral for thirty-five Frames, at a price of $41,750 per unit (the "**Quotation**"). A copy of the Quotation is attached as **Exhibit A**.

18. Pursuant to the Quotation, Indian Creek offered to complete thirty-five Frames "to print."

19. The Quotation expressly states: "MidCentral is responsible and liable for all designs parts and engineering."

20. On December 16, 2022, MidCentral accepted Indian Creek's Quotation by issuing Purchase Order No. 42840 to Indian Creek for thirty-five Frames, "complete to print" "in Accordance with 1672-001 REV5" at a cost of $41,750 per Frame, thus forming an agreement (the "**Agreement**"). A copy of the Purchase Order is attached as **Exhibit B**.

(Doc. No. 1 at PageID 3, ¶¶ 16-20 (emphases in original).)

The Complaint attaches the Exhibits that form the Agreement (i.e., the Quotation and the Purchase Order).[2] They show that on December 12, 2022, Indian Creek salesman Dean Cooley issued Quote Number 13072 to Andre Stewart at "MidCentral Equipment Service" in Oklahoma City, OK. (Quotation, Doc. No. 1-1, PageID 10.) Four days later, "MidCentral Equipment Services, LLC" issued Purchase Order 42840 to Indian Creek. (Purchase Order, Doc. No. 1-2, PageID 12.)

The Complaint also attaches and discusses two emails that relate to Indian Creek's performance under the contract.[3] (Doc. Nos. 1-3 & 1-5, cited in Doc. No. 1 at PageID 5, ¶¶ 30-32 & PageID 6, ¶ 40). These emails were sent either to or from Andre Stewart,

---

[2] The Court may consider contractual documents that are attached to a pleading when ruling on a motion for partial judgment on the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

[3] When ruling on a motion for judgment on the pleadings under Rule 12(c), the Court may also consider "exhibits that are referenced in the complaint and central to its claims." *UFCW, Local 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022).

6

whose signature block identifies him as the Director of Supply Chain for "MidCentral." Mr. Stewart has the following email address: astewart@midcentralenergy.com. (*Id*.)

### 2. *MC Energy's Answer*

As noted above, Indian Creek avers that "[t]his is a contract action . . . to enforce the obligations of Defendant MidCentral [i.e., MC Energy] under a contract calling for Indian Creek to provide MidCentral certain goods and services." (Doc. No. 1 at PageID 1, ⁋ 1.) In response, MC Energy "admits only that this case involves a contract between Plaintiff and Defendant." (Doc. No. 8 at PageID 39, ⁋ 1.) MC Energy also "denies all other allegations, express or implied...." (*Id*.)

MC Energy denies the allegations set forth in Paragraphs 13-20, 30-32, and 40 of the Complaint. (Doc. No. 8 at PageID 40, ⁋⁋ 3 & 6-7.)

In its Third [Affirmative] Defense, MC Energy asserts that "Plaintiff's Complaint fails to join necessary and/or indispensable parties." (Doc. No. 8 at PageID 41, ⁋ 14.)

### B. Applicable Legal Standard

Rule 12(c) motions for judgment on the pleadings are "designed to provide a means of disposing of cases when the material facts are not in dispute between the parties." 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1367 (3d ed.) (hereinafter "Wright & Miller"); *accord id*. at § 1368 ("[A] court will not grant a Rule 12(c) motion if a material issue of fact exists.") Further, because the "hasty or imprudent use of this summary procedure" may "violate[] the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense," the moving party must "show a clear right to a judgment on the

7

pleadings." *Id.* at § 1368. "Thus, the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Id.* Material issues of fact may be raised by the defendant's assertion of affirmative defenses. *Id.*

Typically, courts analyze Rule 12(c) motions for judgment on the pleadings using the standard applicable to Rule 12(b)(6) motions to dismiss for failure to state a claim. *Moderwell v. Cuyahoga Cty.*, 997 F.3d 653, 659 (6th Cir. 2021). But where, as here, it is the plaintiff (rather than the defendant) that files the motion, the Court must construe "the pleadings and exhibits in the light most favorable to the defendant" and grant the motion "only if the [plaintiff] is nevertheless ***clearly entitled*** to judgment." *UFCW, Local 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022) (emphasis added).

Specifically, the Court must "ask 'whether the plaintiff's petition, stripped of those allegations which are denied by the defendant's answer, would leave the petition stating a cause of action against the defendant.'" *UFCW*, 51 F.4th at 202 (quoting 61A Am. Jur. 2d *Pleading* § 497). Under this standard, "the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." *Id.* (internal quotations and citation omitted).

Finally, the Court "will not blindly accept legal conclusions nor draw unwarranted factual inferences from either the complaint or the answer." *UFCW*, 51 F.4th at 202; *see, e.g., JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (rejecting defendant's argument that Rule 12(c) required the court to accept the legal conclusion that plaintiff was contractually barred from taking certain actions).

8

C.     Analysis

Indian Creek has asked the Court to enter partial judgment on the pleadings in its favor by "holding that MC Energy Partners, LLC is [1] the party to the Agreement at issue and [2] the real party in interest for purposes of this action, and is the ultimate party to be held liable." (Motion for Partial Judgment, Doc. No. 27 at PageID 271.) For the reasons explained below, neither request is well-taken.

**1.     The pleadings do not clearly entitle Indian Creek to a judgment that MC Energy is the party to the Agreement.**

Under Rule 12(c), this Court must accept as true the facts pled in the Answer but may only accept as true the facts pled in the Complaint if they do not conflict with the Answer. *UFCW*, 51 F.4th at 202. The Court must construe the pleadings in the light most favorable to MC Energy. *Id*. Finally, the Court may only award partial judgment if Indian Creek shows that it is clearly entitled to such an award. *Id*.

Applying this standard, only a few facts may be accepted as true. MC Energy has admitted that "this case involves a contract between Plaintiff and Defendant" but denied "all other allegations, express or implied." (Doc. No. 8 at PageID 39, ¶ 1.) MC Energy denied the allegations in the Complaint that describe the Agreement. (*Id*. at PageID 40, ¶¶ 6-7.) The MC entity named in the Agreement is MC Equipment, not MC Energy. (Docs. 1-1 & 1-2.) Finally, MC Energy asserted the affirmative defense that Indian Creek failed to join necessary and/or indispensable parties. (Doc. No. 8 at PageID 41, ¶ 14.)

Construing these facts in the manner most favorable to MC Energy, they do not show that Indian Creek is clearly entitled to a judgment that MC Energy is the party to

the Agreement. *UFCW,* 51 F.4th at 202. <u>First</u>, because the documents that allegedly

constitute the Agreement bear the name of a different MidCentral entity (i.e., MidCentral

Equipment), Indian Creek cannot show that it is clearly entitled to a judgment that MC

Energy is the party to the Agreement. <u>Second</u>, MC Energy's denials of Indian Creek's

allegations describing the Agreement create a material issue of fact regarding the nature,

meaning and extent of MC Energy's admission that "this case involves a contract

between Plaintiff and Defendant." <u>Third</u>, MC Energy's affirmative defense that Indian

Creek failed to join necessary and/or indispensable parties creates a material issue of fact

regarding which MidCentral entity, or entities, entered into the Agreement.

For all of these reasons, the pleadings create a material issue of fact that precludes

a judgment that MC Energy is the party to the Agreement. *See* Wright & Miller

§ 1368 ("[A] court will not grant a Rule 12(c) motion if a material issue of fact exists.")

> **2.     The pleadings do not clearly entitle Indian Creek to a judgment
> that MC Energy is the real party in interest for purposes of this
> action and is the ultimate party to be held liable.**

The same reasoning leads the Court to deny Indian Creek's request for a partial

judgment that MC Energy is "the real party in interest for purposes of this action, and is

the ultimate party to be held liable." Because there is a material issue of fact regarding

which MidCentral entity, or entities, is a party to the Agreement, there is necessarily a

material issue of fact regarding the identity or identities of the real parties in interest. That

question of fact should not be resolved by a motion for judgment on the pleadings.

*Accord Morris v. Bischoff*, No. 96-1384-Civ-T-17A, 1997 U.S. Dist. LEXIS 3176, *8-9

(M.D. Fla. Mar. 4, 1997) ("A motion to dismiss is … not the appropriate place in which to determine who were the real parties in interest to this transaction.")

Nor is there any basis in the pleadings for finding that MC Energy is the ***only*** real party in interest. *See, e.g., Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.*, 894 F.2d 862, 870-71 (6th Cir. 1990) (holding that an entity that did not enter into a contract was nevertheless a real party in interest because it was an alter ego to the entity that did enter into the contract). Indeed, the question of which MC entity, or entities, should ultimately be held liable is a mixed question of law and fact that is not the proper subject of a Rule 12(c) motion. *UFCW*, 51 F.4th at 202; *JPMorgan Chase Bank, N.A.*, 510 F.3d at 582.

## IV.  CONCLUSION

For the reasons stated, Indian Creek's Motion to Alter Schedule (Doc. No. 33) is **GRANTED**, MC Energy's Motion to Strike (Doc. No. 31) is **DENIED**, and Indian Creek's Motion for Partial Judgment (Doc. No. 27) is **DENIED**.

**IT IS SO ORDERED**.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge